IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN J. SATTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2014 CV 6166 |
| | ) | |
| TANDEM METALS INCORPORATED, | ) | |
| DRAGO KRAFOLJ, and ROBIN KRAFOLJ | ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorney,

BRIAN J. GRABER, LTD., and complaining of Defendants, TANDEM METALS

INCORPORATED, DRAGO KRAFOLJ, and ROBIN KRAFOLJ, and each of them, as

follows:

**JURISDICATION AND VENUE**

1.      This action is brought against Defendants, TANDEM METALS

INCORPORATED, DRAGO KRAGULJ, and ROBIN KRAGULJ, and each of them,

individually, and jointly and severally, for unpaid overtime and liquidated damages and

any and all damages allowed under the Fair Labor Standards Act, 29 U.S.C. §201, et seq.,

and the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., including attorney's fees

and litigation costs and for retaliatory discharge for complaining about unpaid overtime

wages in violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3) and seeking any

and all damages available under 29 U.S.C. §216(b), including back pay, reinstatement,

front pay, compensatory damages, punitive damages, equitable relief, attorney's fees, and

litigation costs as well as any and all damages allowed under Illinois law. Plaintiff also brings a claim against Defendant, TANDEM METALS INCORPORATED, under Illinois common law for retaliatory discharge.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1367.

3. Plaintiff, JOHN J. SATTLER, is a citizen of the State of Illinois residing in Will County, Illinois.

4. Defendant, TANDEM METALS INCORPORATED, (hereinafter referred to as "TANDEM") is a corporation organized under the laws of the State of Illinois having its principle place of business in Will County, Illinois, located at 1149 Central Avenue, University Park, and engaging in interstate and global commerce providing various products in the metal industry.

5. On information and belief, Defendant, DRAGO KRAGULJ, is an individual residing in Will County, State of Illinois.

6. On information and belief, Defendant, ROBIN KRAGULJ, is an individual residing in the Will County, State of Illinois.

7. Venue is proper within this District pursuant to 42 U.S.C. §1392(b)(2) where the unlawful practices complained of herein occurred within the Northern District of Illinois.

**PARTIES**

8. At all times mentioned herein, Defendant, TANDEM, is an enterprise engaged in commerce or in the production of goods for commerce having its employees engage in commerce or in the production of goods for commerce, or has employees

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of 29 U.S.C. §203(s)(1)(A)(i), by purchasing metals in interstate commerce and having its employees cut the metals and/or engage in metal rolling, custom material slitting, toll processing, hydrogen atmosphere annealing, metal cleaning, edge conditioning, shearing/blanking as well as offering full analytical laboratory services for customers in interstate commerce and shipping those metals after engaging in the above described manufacturing process to be used in the manufacture of goods such as shielding for cell phones, auto parts and other uses.

9.      At all times mentioned herein, Defendant, TANDEM, is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. §203(s)(1)(A)(ii).

10.     At all times mentioned herein, Plaintiff, JOHN J. SATTLER, was an employee of Defendant, TANDEM, engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207(a)(1) where is he used a rolling mill to cut metals obtained in interstate commerce to meet customer specifications to be used in the manufacture of goods such as cell phone shielding, car parts, and other products in both interstate and global commerce.

11.     At all times mentioned herein, Defendant, TANDEM, employed Plaintiff, JOHN J. SATTLER, as a rolling mill operator paying him an hourly wage of $25.00 per hour.

12.     At all times mentioned herein, Defendant, TANDEM, was an "employer" as the term is defined by both 29 U.S.C. §203(d) and 820 ILCS 105/3(c) employing the Plaintiff, JOHN J. SATTLER, as a rolling mill operator paying him an hourly wage of $25.00.

13.     At all times mentioned herein, Defendant, DRAGO KRAGULJ, was an "employer" as the term is defined by both 29 U.S.C. §203(d) and 820 ILCS 105/3(c) as a person acting directly or indirectly in the interest of Defendant, TANDEM, in relation to Plaintiff, JOHN J. SATTLER, as an high ranking officer of Defendant, TANDEM, with managerial authority to exercise operational control of Defendant, TANDEM; supervisory authority over Plaintiff, JOHN J. SATTLER, including the power to terminate his employment; control employees' work schedules and work conditions; determine the rate and method of payment of employees; and sign employees' pay checks.

14.     At all times mentioned herein, Defendant, ROBIN KRAGULJ, was an "employer" as the term is defined by both 29 U.S.C. §203(d) and 820 ILCS 105/3(c) as a person acting directly or indirectly in the interest of Defendant, TANDEM, in relation to Plaintiff, JOHN J. SATTLER, as president of Defendant, TANDEM, with managerial authority to exercise operational control of Defendant, TANDEM; supervisory authority over Plaintiff, JOHN J. SATTLER, including the power to terminate his employment; control employees' work schedules and work conditions; determine the rate and method of payment of employees; and sign employees' pay checks.

15.     At all times mentioned herein, Defendants, TANDEM, DRAGO KRAGULJ, and ROBIN KRAGULJ, and each of them, were employers covered by both

the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq.

16.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant is the agent, servant, employee, successor in interest, co-conspirator, joint venture and/or alter ego of every other Defendant, and that, in doing the acts alleged herein, each Defendant acted as the agent of and with consent, knowledge, authorization, and/or ratification of every other Defendant herein.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.    From approximately August of 2004 or 2005, through July 18, 2014, Defendants, TANDEM, DRAGO KRAGULJ, and ROBIN KRAGULJ, and each of them employed Plaintiff, JOHN J. SATTLER, as a rolling mill operator paying him an hourly wage of $25.00 per hour.

18.    From August of 2004 or 2005, through July 18, 2014, Defendants, TANDEM, DRAGO KRAGULJ, and ROBIN KRAGULJ, and each of them employed Plaintiff, JOHN J. SATTLER, as a rolling mill operator paying him an hourly wage of $25.00 per hour, and had Plaintiff work approximately 55 hours a week give or take.

19.    From August of 2004 or 2005, through July 18, 2014, Defendants, TANDEM, DRAGO KRAGULJ, and ROBIN KRAGULJ, and each of them never paid the Plaintiff, JOHN J. SATTLER, one and one-half times his regular rate of $25.00 per hour for every hour he worked for 40 hours in a work week.

20.    In approximately either August or September of 2010, Plaintiff, JOHN J. SATTLER, had a compensation meeting with Defendant, DRAGO KRAGULJ, and filed an oral complaint about his unpaid overtime and Defendant, DRAGO KRAGULJ,

informed Plaintiff that he would have to discuss his complaint of unpaid overtime with his wife, Defendant, ROBIN KRAGULJ.

21.     In approximately later September or October of 2010, Defendant, DRAGO KRAGULJ, and Plaintiff, JOHN J. SATTLER, had a follow-up meeting about Plaintiff's oral complaint about not being paid overtime and Defendant, DRAGO KRAGULJ, promised to pay the sum of $5,000.00 over a period of time to make up for unpaid overtime.

22.     In approximately August or September of 2012, Plaintiff, JOHN J. SATTLER, had a meeting with Defendant, DRAGO KRAGULJ, filing an oral complaint that he was not being paid overtime and requesting Defendants pay him overtime. During this meeting Defendant, DRAGO KRAGULJ, told Plaintiff that if he had to pay the Plaintiff overtime he would have to lay someone off.

23.     In approximately May of 2014, Plaintiff, JOHN J. SATTLER, had another meeting with Defendant, DRAGO KRAGULJ, and filed another oral complaint about unpaid overtime and in response to that oral complaint, Defendant, DRAGO KRAGULJ, admitted that Illinois and Federal law required Defendant, TANDEM, to pay Plaintiff overtime and agreed to have his secretary total up all of Plaintiff's unpaid overtime and meet again to discuss how to deal with the unpaid overtime owed to Plaintiff.

24.     In approximately June of 2014, Plaintiff, JOHN J. SATTLER, meet again with Defendant, DRAGO KRAGULJ, about his oral complaint of unpaid overtime and Defendant, DRAGO KRAGULJ, informed Plaintiff that he went back two years for unpaid overtime under Federal law and three years back under Illinois law and the amount of unpaid overtime is approximately $30,000.00. Defendant, DRAGO

KRAGULJ, promised Plaintiff that he would pay him for the unpaid overtime. Defendant, DRAGO KRAGULJ, warned Plaintiff that if he has to pay him overtime that Plaintiff would be making more than his wife, Defendant, ROBIN KRAGULJ, who is the president of the company.

25.    On July 18, 2014, Defendant, DRAGO KRAGULJ, terminated Plaintiff, JOHN J. SATTLER'S employment with Defendant, TANDEM, claiming that he could not afford to pay Plaintiff overtime and stating to Plaintiff, over and over, "You broke the blood."

26.    On July 18, 2014, Defendant, DRAGO KRAGULJ, handed Plaintiff, JOHN J. SATTLER, copies of estimates performed by Defendant, TANDEM, showing that Defendants estimated that Plaintiff was owed approximately $28,752.50 in unpaid overtime.

27.    On July 18, 2014, Defendant, DRAGO KRAGULJ, terminated Plaintiff, JOHN J. SATTLER'S employment with Defendant, TANDEM.

28.    On July 18, 2014, Defendants, TANDEM, DRAGO KRAGULJ, and ROBIN KRAGULJ, and each of them took tangible adverse employment action against Plaintiff, JOHN J. SATTLER, by terminating his employment for filing an oral complaint seeking unpaid overtime wages and payment of overtime wages for any hours worked over 40 hours in a work week.

# COUNT I

# TANDEM METALS INCORPORATED

# FAIR LABOR STANDARDS ACT

# UNPAID OVERTIME

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorneys, BRIAN J. GRABER, LTD., and complains Defendant, TANDEM METALS INCORPORATED, failed to pay him overtime in violation of 29 U.S.C. §207(a)(1) of Fair Labor Standards Act and in support thereof, states as follows:

1-28. Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count I.

29. At all times mentioned herein, 29 U.S.C. §207(a)(1) required Defendant, TANDEM, to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

30. At all times mentioned herein, pursuant to 29 U.S.C. §213, Defendant, TANDEM, was not exempt from the requirements of 29 U.S.C. §207(a)(1) from paying Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate for every hour worked in excess of forty hours in a work week.

31. From July 18, 2014, through July 18, 2012, Defendant, TANDEM, violated the provisions of 29 U.S.C. §207(a)(1) by unlawfully failing to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate for every hour worked in excess of forty hours in a work week.

32.     Defendant, TANDEM, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime required by 29 U.S.C. §207(a)(1) from July 18, 2012, through August 11, 2011, for those hours that he worked in excess of forty hours in a work week.

33.     At all times mentioned herein, from July 18, 2014, through August 11, 2011, Defendant, TANDEM, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime required by 29 U.S.C. §207(a)(1) for those hours he worked in excess of forty hours in a work week.

34.     At all times mentioned herein, pursuant to 29 U.S.C. §216(b) Defendant, TANDEM, is liable to Plaintiff, JOHN J. SATTLER, for the full amount of the unpaid over time wages from July 18, 2014, through August 11, 2011, and an additional equal amount of the unpaid overtime wages as liquidated damages, attorney's fees and all litigation costs incurred in seeking to enforce his rights, as well as interests and all penalties allowed by law.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, TANDEM METALS INCORPORATED, in excess of $100,000.00, pursuant to 42 U.S.C. §216(b) for the full amount of the recoverable unpaid overtime wages, liquidated damages in the same amount, pre-judgment interest, attorney's fees and all litigation costs for having to enforce his rights and any and all other damages available.

## COUNT II

## TANDEM METALS INCORPORATED

## ILLINOIS MINIMUM WAGE LAW

## UNPAID OVERTIME

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorneys, BRIAN J. GRABER, LTD., and complains Defendant, TANDEM METALS INCORPORATED, failed to pay him overtime in violation of 820 ILCS 105/1, et seq., of the Illinois Minimum Wage Law and in support thereof, states as follows:

1-28.   Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count II.

29.     At all times mentioned herein, 820 ILCS 105/4a(1) required Defendant, TANDEM, to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

30.     At all times mentioned herein, Defendant, TANDEM, was not exempt pursuant to 820 ILCS 105/4a, et seq., from having to pay Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

32.     From July 18, 2014, through August 11, 2011, Defendant, TANDEM, violated 820 ILCS 105/4a(1) by not paying Plaintiff, JOHN J. SATTLER, overtime at one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

33.     From July 18, 2014, through August 11, 2011, Defendant, TANDEM, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime in violation of 820 ILCS

105/4a(1) from July 18, 2014, through August 11, 2011, at one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

34. Pursuant to 820 ILCS 105/12(a), Defendant, TANDEM, is liable to the Plaintiff in any civil action for the amount of unpaid overtime from July 18, 2014, through August 11, 2011; attorney's fees; litigation costs; interest; and punitive damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which the underpayments remain unpaid.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, TANDEM METALS INCORPORATED, in excess of $100,000.00, pursuant to 820 ILCS 105/12(a) for the full amount of the recoverable unpaid overtime wages, interest, attorney's fees and all litigation costs, and punitive damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment which the underpayments remain unpaid.

## COUNT III

## DRAGO KRAGULJ

## FAIR LABOR STANDARDS ACT

## UNPAID OVERTIME

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorneys, BRIAN J. GRABER, LTD., and complains Defendant, DRAGO KRAGULJ, failed to pay him overtime in violation of 29 U.S.C. §207(a)(1) of Fair Labor Standards Act and in support thereof, states as follows:

1-28. Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count III.

29.     At all times mentioned herein, 29 U.S.C. §207(a)(1) required Defendant, DRAGO KRAGULJ, to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

30.     At all times mentioned herein, pursuant to 29 U.S.C. §213, Defendant, DRAGO KRAGULJ, was not exempt from the requirements of 29 U.S.C. §207(a)(1) from paying Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate for every hour worked in excess of forty hours in a work week.

31.     From July 18, 2014, through July 18, 2012, Defendant, DRAGO KRAGULJ, violated the provisions of 29 U.S.C. §207(a)(1) by unlawfully failing to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate for every hour worked in excess of forty hours in a work week.

32.     Defendant, DRAGO KRAGULJ, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime required by 29 U.S.C. §207(a)(1) from July 18, 2012, through August 11, 2011, for those hours that he worked in excess of forty hours in a work week.

33.     At all times mentioned herein, from July 18, 2014, through August 11, 2011, Defendant, DRAGO KRAGULJ, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime required by 29 U.S.C. §207(a)(1) for those hours he worked in excess of forty hours in a work week.

34.     At all times mentioned herein, pursuant to 29 U.S.C. §216(b) Defendant, DRAGO KRAGULJ, is liable to Plaintiff, JOHN J. SATTLER, for the full amount of the unpaid over time wages from July 18, 2014, through August 11, 2011, and an additional equal amount of the unpaid overtime wages as liquidated damages, attorney's fees and all

litigation costs incurred in seeking to enforce his rights, as well as interests and all penalties allowed by law.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, DRAGO KRAGULJ, in excess of $100,000.00, pursuant to 42 U.S.C. §216(b) for the full amount of the recoverable unpaid overtime wages, liquidated damages in the same amount, pre-judgment interest, attorney's fees and all litigation costs for having to enforce his rights and any and all other damages available.

**COUNT IV**

**DRAGO KRAGULJ**

**ILLINOIS MINIMUM WAGE LAW**

**UNPAID OVERTIME**

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorneys, BRIAN J. GRABER, LTD., and complains Defendant, DRAGO KRAGULJ, failed to pay him overtime in violation of 820 ILCS 105/1, et seq., of the Illinois Minimum Wage Law and in support thereof, states as follows:

1-28.   Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count IV.

29.     At all times mentioned herein, 820 ILCS 105/4a(1) required Defendant, DRAGO KRAGLJ, to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

30.     At all times mentioned herein, Defendant, DRAGO KRAGLJ, was not exempt pursuant to 820 ILCS 105/4a, et seq., from having to pay Plaintiff, JOHN J.

SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

32.     From July 18, 2014, through August 11, 2011, Defendant, DRAGO KRAGLJ, violated 820 ILCS 105/4a(1) by not paying Plaintiff, JOHN J. SATTLER, overtime at one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

33.     From July 18, 2014, through August 11, 2011, Defendant, DRAGO KRAGLJ, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime in violation of 820 ILCS 105/4a(1) from July 18, 2014, through August 11, 2011, at one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

34.     Pursuant to 820 ILCS 105/12(a), Defendant, DRAGO KRAGULJ, is liable to the Plaintiff in any civil action for the amount of unpaid overtime from July 18, 2014, through August 11, 2011; attorney's fees; litigation costs; interest; and punitive damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which the underpayments remain unpaid.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, DRAGO KRAGULJ, in excess of $100,000.00, pursuant to 820 ILCS 105/12(a) for the full amount of the recoverable unpaid overtime wages, interest, attorney's fees and all litigation costs, and punitive damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment which the underpayments remain unpaid.

## COUNT V

## ROBIN KRAGULJ

## FAIR LABOR STANDARDS ACT

## UNPAID OVERTIME

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorneys, BRIAN J. GRABER, LTD., and complains Defendant, ROBIN KRAGULJ, failed to pay him overtime in violation of 29 U.S.C. §207(a)(1) of Fair Labor Standards Act and in support thereof, states as follows:

1-28.   Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count V.

29.   At all times mentioned herein, 29 U.S.C. §207(a)(1) required Defendant, ROBIN KRAGULJ, to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

30.   At all times mentioned herein, pursuant to 29 U.S.C. §213, Defendant, ROBIN KRAGULJ, was not exempt from the requirements of 29 U.S.C. §207(a)(1) from paying Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate for every hour worked in excess of forty hours in a work week.

31.   From July 18, 2014, through July 18, 2012, Defendant, ROBIN KRAGULJ, violated the provisions of 29 U.S.C. §207(a)(1) by unlawfully failing to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate for every hour worked in excess of forty hours in a work week.

32.     Defendant, ROBIN KRAGULJ, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime required by 29 U.S.C. §207(a)(1) from July 18, 2012, through August 11, 2011, for those hours that he worked in excess of forty hours in a work week.

33.     At all times mentioned herein, from July 18, 2014, through August 11, 2011, Defendant, ROBIN KRAGULJ, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime required by 29 U.S.C. §207(a)(1) for those hours he worked in excess of forty hours in a work week.

34.     At all times mentioned herein, pursuant to 29 U.S.C. §216(b) Defendant, ROBIN KRAGULJ, is liable to Plaintiff, JOHN J. SATTLER, for the full amount of the unpaid over time wages from July 18, 2014, through August 11, 2011, and an additional equal amount of the unpaid overtime wages as liquidated damages, attorney's fees and all litigation costs incurred in seeking to enforce his rights, as well as interests and all penalties allowed by law.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, ROBIN KRAGULJ, in excess of $100,000.00, pursuant to 42 U.S.C. §216(b) for the full amount of the recoverable unpaid overtime wages, liquidated damages in the same amount, pre-judgment interest, attorney's fees and all litigation costs for having to enforce his rights and any and all other damages available.

## COUNT VI

## ROBIN KRAGULJ

## ILLINOIS MINIMUM WAGE LAW

## UNPAID OVERTIME

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorneys, BRIAN J. GRABER, LTD., and complains Defendant, ROBIN KRAGULJ, failed to pay him overtime in violation of 820 ILCS 105/1, et seq., of the Illinois Minimum Wage Law and in support thereof, states as follows:

1-28. Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count VI.

29. At all times mentioned herein, 820 ILCS 105/4a(1) required Defendant, ROBIN KRAGLJ, to pay the Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

30. At all times mentioned herein, Defendant, ROBIN KRAGLJ, was not exempt pursuant to 820 ILCS 105/4a, et seq., from having to pay Plaintiff, JOHN J. SATTLER, one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

32. From July 18, 2014, through August 11, 2011, Defendant, ROBIN KRAGLJ, violated 820 ILCS 105/4a(1) by not paying Plaintiff, JOHN J. SATTLER, overtime at one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

33. From July 18, 2014, through August 11, 2011, Defendant, ROBIN KRAGLJ, willfully refused to pay Plaintiff, JOHN J. SATTLER, overtime in violation of

820 ILCS 105/4a(1) from July 18, 2014, through August 11, 2011, at one and one-half his hourly rate of $25.00 for every hour worked in excess of forty hours in a work week.

34.     Pursuant to 820 ILCS 105/12(a), Defendant, ROBIN KRAGULJ, is liable to the Plaintiff in any civil action for the amount of unpaid overtime from July 18, 2014, through August 11, 2011; attorney's fees; litigation costs; interest; and punitive damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which the underpayments remain unpaid.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, ROBIN KRAGULJ, in excess of $100,000.00, pursuant to 820 ILCS 105/12(a) for the full amount of the recoverable unpaid overtime wages, interest, attorney's fees and all litigation costs, and punitive damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment which the underpayments remain unpaid.

## COUNT VII

## TANDEM METALS INCORPORATED

## FAIR LABOR STANDARDS ACT

## RETALIATORY DISCHARGE

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorney, BRIAN J. GRABER, LTD., complains Defendant, TANDEM METALS INCORPORATED, terminated his employment in violation of 29 U.S.C. §215(a)(3) of the Fair Labor Standards Act, and in support thereof, states as follows:

1-28.   Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count VII.

29.     At all times mentioned herein, it was a violation of 29 U.S.C. §215(a)(3) for Defendant, TANDEM, to discharge or in any manner discriminate against Plaintiff, JOHN J. SATTLER, because he filed a complaint or instituted or caused to be instituted any proceeding regarding his unpaid overtime wages.

30.     On July 18, 2014, Defendant, TANDEM, terminated Plaintiff, JOHN J. SATTLER, for filing an oral complaint about unpaid overtime wages and seeking payment of his unpaid overtime wages in violation of 29 U.S.C. §215(a)(3).

31.     As a direct and proximate cause of Defendant, TANDEM's violation of 29 U.S.C. §215(a)(3) by terminating Plaintiff, JOHN J. SATTLER'S employment, the Plaintiff, JOHN J. SATTLER, suffered lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages.

32.     Pursuant to 29 U.S.C. §216(b), Defendant, TANDEM, is liable to Plaintiff, JOHN J. SATTLER, for its unlawful violation of 29 U.S.C. §215(a)(3) for such legal or equitable relief as may be appropriate to effectuate the purpose of 29 U.S.C. §215(a)(3), including without limitation employment, reinstatement, promotion, and payment of wages lost, compensatory damages, liquidated damages, punitive damages, attorney's fees and litigation costs.

33.     Pursuant to 29 U.S.C. §216(b), Plaintiff, JOHN J. SATTLER, seeks damages from Defendant, TANDEM, for his lost wages and benefits, reinstatement or front pay, equitable relief, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his

future, lost future earnings, and other non-pecuniary losses and compensatory damages, attorney's fees and litigation costs.

34. Defendant, TANDEM, maliciously and in reckless disregard for Plaintiff, JOHN J. SATTLER'S right to seek unpaid overtime, terminated his employment in violation of 29 U.S.C. §215(a)(3), and Plaintiff, JOHN J. SATTLER, seeks an award of punitive damages against Defendant, TANDEM.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, TANDEM METALS INCORPORATED, in excess of $1,000,000.00, pursuant to 42 U.S.C. §216(b) lost wages and benefits, reinstatement or front pay, equitable relief, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages, punitive damages, attorney's fees and litigation costs.

## COUNT VIII

## DRAGO KRAGULJ

## FAIR LABOR STANDARDS ACT

## RETALIATORY DISCHARGE

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorney, BRIAN J. GRABER, LTD., complains Defendant, DRAGO KRAGULJ, terminated his employment in violation of 29 U.S.C. §215(a)(3) of the Fair Labor Standards Act, and in support thereof, states as follows:

1-28. Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count VIII.

29.　　At all times mentioned herein, it was a violation of 29 U.S.C. §215(a)(3) for Defendant, DRAGO KRAGULJ, to discharge or in any manner discriminate against Plaintiff, JOHN J. SATTLER, because he filed a complaint or instituted or caused to be instituted any proceeding regarding his unpaid overtime wages.

30.　　On July 18, 2014, Defendant, DRAGO KRAGULJ, terminated Plaintiff, JOHN J. SATTLER, for filing an oral complaint about unpaid overtime wages and seeking payment of his unpaid overtime wages in violation of 29 U.S.C. §215(a)(3).

31.　　As a direct and proximate cause of Defendant, DRAGO KRAGULJ's violation of 29 U.S.C. §215(a)(3) by terminating Plaintiff, JOHN J. SATTLER'S employment, the Plaintiff, JOHN J. SATTLER, suffered lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages.

32.　　Pursuant to 29 U.S.C. §216(b), Defendant, DRAGO KRAGULJ, is liable to Plaintiff, JOHN J. SATTLER, for its unlawful violation of 29 U.S.C. §215(a)(3) for such legal or equitable relief as may be appropriate to effectuate the purpose of 29 U.S.C. §215(a)(3), including without limitation employment, reinstatement, promotion, and payment of wages lost, compensatory damages, liquidated damages, punitive damages, attorney's fees and litigation costs.

33.　　Pursuant to 29 U.S.C. §216(b), Plaintiff, JOHN J. SATTLER, seeks damages from Defendant, DRAGO KRAGULJ, for his lost wages and benefits, reinstatement or front pay, equitable relief, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and

sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages, attorney's fees and litigation costs.

34.     Defendant, DRAGO KRAGULJ, maliciously and in reckless disregard for Plaintiff, JOHN J. SATTLER'S right to seek unpaid overtime, terminated his employment in violation of 29 U.S.C. §215(a)(3), and Plaintiff, JOHN J. SATTLER, seeks an award of punitive damages against Defendant, DRAGO KRAGULJ.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, DRAGO KRAGULJ, in excess of $1,000,000.00, pursuant to 42 U.S.C. §216(b) lost wages and benefits, reinstatement or front pay, equitable relief, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages, punitive damages, attorney's fees and litigation costs.

**COUNT IX**

**ROBIN KRAGULJ**

**FAIR LABOR STANDARDS ACT**

**RETALIATORY DISCHARGE**

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorney, BRIAN J. GRABER, LTD., complains Defendant, ROBIN KRAGULJ, terminated his employment in violation of 29 U.S.C. §215(a)(3) of the Fair Labor Standards Act, and in support thereof, states as follows:

1-28.   Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count IX.

29.     At all times mentioned herein, it was a violation of 29 U.S.C. §215(a)(3) for Defendant, ROBIN KRAGULJ, to discharge or in any manner discriminate against Plaintiff, JOHN J. SATTLER, because he filed a complaint or instituted or caused to be instituted any proceeding regarding his unpaid overtime wages.

30.     On July 18, 2014, Defendant, ROBIN KRAGULJ, terminated Plaintiff, JOHN J. SATTLER, for filing an oral complaint about unpaid overtime wages and seeking payment of his unpaid overtime wages in violation of 29 U.S.C. §215(a)(3).

31.     As a direct and proximate cause of Defendant, ROBIN KRAGULJ's violation of 29 U.S.C. §215(a)(3) by terminating Plaintiff, JOHN J. SATTLER'S employment, the Plaintiff, JOHN J. SATTLER, suffered lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages.

32.     Pursuant to 29 U.S.C. §216(b), Defendant, ROBIN KRAGULJ, is liable to Plaintiff, JOHN J. SATTLER, for its unlawful violation of 29 U.S.C. §215(a)(3) for such legal or equitable relief as may be appropriate to effectuate the purpose of 29 U.S.C. §215(a)(3), including without limitation employment, reinstatement, promotion, and payment of wages lost, compensatory damages, liquidated damages, punitive damages, attorney's fees and litigation costs.

33.     Pursuant to 29 U.S.C. §216(b), Plaintiff, JOHN J. SATTLER, seeks damages from Defendant, ROBIN KRAGULJ, for his lost wages and benefits, reinstatement or front pay, equitable relief, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and

sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages, attorney's fees and litigation costs.

34.     Defendant, ROBIN KRAGULJ, maliciously and in reckless disregard for Plaintiff, JOHN J. SATTLER'S right to seek unpaid overtime, terminated his employment in violation of 29 U.S.C. §215(a)(3), and Plaintiff, JOHN J. SATTLER, seeks an award of punitive damages against Defendant, ROBIN KRAGULJ.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, ROBIN KRAGULJ, in excess of $1,000,000.00, pursuant to 42 U.S.C. §216(b) lost wages and benefits, reinstatement or front pay, equitable relief, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages, punitive damages, attorney's fees and litigation costs.

## COUNT X

## TANDEM METALS INCORPORATED

## ILLINOIS COMMON LAW RETALIATORY DISCHARGE

NOW COMES the Plaintiff, JOHN J. SATTLER, by and through his Attorney, BRIAN J. GRABER, LTD., and complains Defendant, TANDEM METALS INCORPORATED, terminated his employment in violation of public policy and in support thereof, Plaintiff states as follows:

1-28.   Plaintiff, JOHN J. SATTLER, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count X.

29.     At all times mentioned herein, Illinois has a clearly mandated public policy favoring the exposure of crime or whistle blowing and/or exposing illegal activities. See Palmateer v. International Harvester Co., 85 Ill.2d 124 (1981); Mackie v. Vaughn Chapter-Paralyzed Veterans of Am., 354 Ill.App.3d 731 (1st Dist. 2004).

30.     At all times mentioned herein it was a crime and a violation of public policy under 29 U.S.C. §216 for Defendant, TANDEM, acting through its officers and high ranking managers, Defendants, DRAGO KRAGULJ, and ROBIN KRAGULJ, to refuse to pay Plaintiff, JOHN J. SATTLER, overtime.

31.     At all times mentioned herein it was a crime and violation of public policy under 820 ILCS 105/11 for Defendant, TANDEM, acting through its officers and high ranking managers, Defendants, DRAGO KRAGULJ, and ROBIN KRAGULJ, to refuse to pay Plaintiff, JOHN J. SATTLER, overtime and to terminate Plaintiff, JOHN J. SATTLER, for making a complaint about unpaid overtime wages.

33.     At all times mentioned herein, Defendant, TANDEM, acting through its officers and high ranking managers, Defendants, DRAGO KRAGULJ, and ROBIN KRAGULJ, were aware Plaintiff, JOHN J. SATTLER, internally reported that Defendant, TANDEM, was violating both the Fair Labor Standards Act and the Illinois Minimum Wage Law by not paying him overtime and for seeking compensation for his unpaid overtime wages.

34.     On July 18, 2014, Defendant, TANDEM, acting through its high-ranking officers and managers, Defendants, DRAGO KRAGULJ, and ROBIN KRAGULJ, terminated Plaintiff, JOHN J. SATTLER'S employment with Defendant, TANDEM,

because he internally reported their illegal conduct in violation of Fair Labor Standards Act and the Illinois Minimum Wage Law in violation of public policy.

35.     As a direct and proximate cause of Defendant, TANDEM'S termination of Plaintiff, JOHN J. SATTLER'S employment in violation of public policy, Plaintiff, JOHN J. SATTLER, suffered lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages.

36.     As a direct and proximate cause of Defendant, TANDEM'S termination of Plaintiff, JOHN J. SATTLER'S employment in violation of public policy, Plaintiff, JOHN J. SATTLER, seeks damages from Defendant, TANDEM, for lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his future, lost future earnings, and other non-pecuniary losses and compensatory damages.

37.     Defendant, TANDEM, acting through its high ranking officers and managers, Defendants, DRAGO KRAGULJ, and ROBIN KRAGULJ, intentionally and reckless terminated Plaintiff, JOHN J. SATTLER's employment in violation of public policy and Plaintiff, JOHN J. SATTLER, seeks an award of punitive damages against Defendant, TANDEM.

WHEREFORE the Plaintiff, JOHN J. SATTLER, seeks judgment against Defendant, TANDEM METALS INCORPORATED, in excess of $1,000,000.00, for lost wages and benefits, front pay, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over his

future, lost future earnings, and other non-pecuniary losses and compensatory damages,

punitive damages, and any and all costs allowed by law.

## XI.    JURY DEMAND

Plaintiff demands trial by jury of all issues in this action.

/s/ Brian J. Graber_____

Attorney for the Plaintiff

Brian J. Graber
BRIAN J. GRABER, LTD.
Attorney for Plaintiff, John J. Sattler
150 N. Michigan Avenue
Suite 2800
Chicago, IL 60601
(312) 291-4648
Fax (312) 854-2877
e-mail: graberlaw1973@gmail.com